## Explanatory Comment

The Supreme Court of Pennsylvania has amended Rules 410, 430, and 1065 and reconstituted Rule 1064 to update the requirements for the service by publication authorized by special order of court for actions to quiet title of subsurface mineral rights. Currently, when a plaintiff is unable to serve original process on a defendant pursuant to Rules 400 *et seq.*, the Rules of Civil Procedure allow a plaintiff to serve original process by publication pursuant to Rule 430 governing service by special court order. For service by publication to be allowed, the plaintiff must file a motion with an affidavit describing the good faith efforts on the part of the plaintiff to locate the defendant. The note to Rule 430 currently provides illustrations of what constitutes a good faith effort to locate a defendant. The proposed amendment would expand the sources to be searched to include courthouse records and a reasonable internet search. By including these sources, the amendment is intended to update the rule to use modern technology in an effort to locate a defendant as well as records that are already available at the courthouse. In many instances, courthouse records are available on-line as well.

With regard to actions to quiet title of subsurface mineral rights, the amendment reconstitutes Rule 1064, which formerly governed service generally for actions to quiet title. The reconstituted rule requires a plaintiff, who seeks to serve original process pursuant to Rule 430 and obtains actual knowledge of a last known address of the defendant outside of the county in which the property at issue is located, to explain in the affidavit required by Rule 430(a) the search for the defendant in that locale.

The Court has also amended Rule 1065 governing the content of a complaint in actions to quiet title of subsurface mineral rights to require a verified land description in the complaint by attaching a summary of the abstract of the mineral title, or the full abstract of the mineral title if documents to the property are not available in the

courthouse records, and a statement of acreage involved with a metes and bounds description, if available or other description sufficient to identify the subject land.

Cross-references to reconstituted Rule 1064 have been provided in the notes to Rule 430(a) governing service by special order of court and Rule 410(c)(1) governing service in real property actions in order to aid the practitioner in finding the additional requirements set forth in that rule for service by publication in quiet title actions involving subsurface mineral rights.

By the Civil Procedural Rules
Committee

William S. Stickman IV
Chair